Pavneet Singh Uppal, (168386)
puppal@laborlawyers.com
Ryan D. Wheeler, (268353)
rwheeler@laborlawyers.com
**FISHER & PHILLIPS LLP**
201 E. Washington Street, Suite 1450
Phoenix, Arizona 85004-2330
Telephone:  (602) 281-3400
Fax:  (602) 281-3401

Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| Kenneth J. Bailey, for himself and as executor of the Estate of Linda Jean Weeks, <br><br> Plaintiffs, <br><br> v. <br><br> Union Bank Retirement Plan; et al., <br><br> Defendants. | No.  5:12-cv-01754-R-SPx <br><br> **STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW** <br><br> Hearing Date: March 17, 2014 <br> Time: 10:00 a.m. <br> Courtroom: 8 – 2nd Floor <br> Judge: Hon. Manuel L. Real |

Defendants Union Bank Retirement Plan and Employee Deferred Compensation and Benefit Plans Administrative Committee's ("Defendants") Motion for Summary Judgment came on for hearing on March 17, 2014, before the Honorable Manuel L. Real, presiding in Department 8 of the United States District Court for the Central District of California.  All appearances are as reflected in the record.

The Court, having read and considered all papers filed in support of and in opposition to the Motion, all admissible evidence filed in support of and in opposition to the motion, and argument of defense counsel and Pro Se Plaintiff

FISHER & PHILLIPS LLP
201 E. Washington Street, Suite 1450
Phoenix, Arizona 85004-2330
(602) 281-3400

1   Kenneth J. Bailey, IT IS HEREBY ORDERED that the Motion is Granted and
2   that Judgment be entered in favor of Defendants.

3        The Court's ruling granting Defendants' Motion for Summary Judgment is
4   based on the findings of uncontroverted facts and conclusions of law set forth
5   below, and as stated on the record at the March 17, 2014 hearing on the Motion
6   for Summary Judgment.

**UNCONTROVERTED FACTS**

7

8   **ISSUE NO. 1**

9   **Plaintiff's First Cause Of Action For Wrongful Denial Of Pre-Retirement**
10  **Death Benefits As The Surviving Domestic Partner Of Decedent Linda Weeks**
11  **Is Not Actionable.**

**FISHER & PHILLIPS LLP**
201 E. Washington Street, Suite 1450
Phoenix, Arizona 85004-2330
(602) 281-3400

| Uncontroverted Facts | Evidence |
|---|---|
| 1.  Since 1992, Plaintiff has worked for Union Bank as a computer operator. | Exhibit 9 to DSOF, Pl's Depo., pp. 36:5-37:8 |
| 2.  Plaintiff, by his own description, is "a computer guy" and his "job is to monitor the system to make sure that any errors get reported to systems people, managers, other departments … and monitor[s] to make sure [Union Bank's computer system] stays up and running, any errors [or] any glitches and hardware [are] … operating." | Exhibit 9 to DSOF, Pl's Depo., pp. 38:14-39:17 |
| 3.  Plaintiff's job as a computer operator for Union Bank is "fairly technical." | Exhibit 9 to DSOF, Pl's Depo., p. 42:7-11 |

FISHER & PHILLIPS LLP
201 E. Washington Street, Suite 1450
Phoenix, Arizona 85004-2330
(602) 281-3400

| Uncontroverted Facts | Evidence |
|---|---|
| 4.  On January 3, 2012, Plaintiff submitted a claim to Union Bank for Pre-Retirement Death Benefits as the purported Surviving Domestic Partner of decedent Linda Jean Weeks. | Complaint [Docket No. 1], ¶ 12 |
| 5.  The Plan Administrator "concluded that [Plaintiff] d[id] not meet the definition of Domestic Partner set forth in Section 1.17(a) or Section 1.17(b) of the Union Bank Retirement Plan ("the Plan"), and on that basis affirmed the denial of [his] claim." | Exhibit D to Complaint, Letter dated April 17, 2012 from Union Bank Employee Deferred Compensation and Benefits Plan Administrative Committee ("Plan Administrator") |
| 6.  The definition of and eligibility criteria for qualifying as a Domestic Partner for purposes of retirement benefits under the Plan is set forth in Section 1.17 of the Plan. | Exhibit 2 to DSOF, Plan Section 1.17 |

| Uncontroverted Facts | Evidence |
|---|---|
| 7.  In relevant part, Section 1.17 of the Plan provides as follows:<br><br>    1.17  <u>Domestic Partner</u> means:<br>      (a) a person whose domestic partnership with a Participant is currently registered with a governmental body pursuant to a state or local law; or<br>      (b) an individual (same or opposite sex of the Participant) age 18 or older who lives with the Participant in a long-term committed relationship of indefinite duration with all of the following characteristics:<br>      …<br>      (6) for whom the Participant files a Domestic Partner Registration Form with the Corporate Benefits Department and the Registration From is valid, currently in force, and has not been revoked. | Exhibit 2 to DSOF, Plan Section 1.17 |
| 8.  The Summary Plan Descriptions for the Plan also advised Plan participants that in order for a Domestic Partner to qualify for Domestic Partner benefits, the domestic partnership had to be registered. | Exhibit 3 to DSOF, 2008 Summary Plan Description, p. 97 |

FISHER & PHILLIPS LLP
201 E. Washington Street, Suite 1450
Phoenix, Arizona 85004-2330
(602) 281-3400

FISHER & PHILLIPS LLP
201 E. Washington Street, Suite 1450
Phoenix, Arizona 85004-2330
(602) 281-3400

| Uncontroverted Facts | Evidence |
|---|---|
| 9. The Summary Plan Descriptions for the Plan were distributed annually to eligible Plan participants. Benefits-Eligible Employees were provided a booklet entitled Your Benefits Answer Book which contained Summary Plan Descriptions of the ERISA plans sponsored by Union Bank including but not limited to the Plan. | Exhibit 10 to DSOF, Defendants' Response to Plaintiff's Non-Uniform Interrogatory No. 5 |
| 10. Prior to 2006, the Your Benefits Answer Book was distributed to Benefits-Eligible Employees by hard copy. The Your Benefits Answer Book included, *inter alia*, updates, changes or revisions to relevant Summary Plan Descriptions. Beginning on or about October of 2006, and at all times thereafter, the Your Benefits Answer Book, Summary Plan Descriptions for all ERISA plans sponsored by Union Bank including but not limited to the Plan, and the Plan itself were posted online and made available to Benefits-Eligible Employees on the Company Intranet. | Exhibit 10 to DSOF, Defendants' Response to Plaintiff's Non-Uniform Interrogatory No. 5 |
| 11. Plaintiff had full access to Union Bank's MyUBOC intranet site, which was later renamed UBox, whenever he desired continuously since 2006. | Exhibit 9 to DSOF, Pl's Depo., pp. 46:8-47:22 |

| Uncontroverted Facts | Evidence |
|---|---|
| 12. Plaintiff visited the online MyUBOC and/or UBox intranet sites which contain the Plan and Summary Plan Descriptions approximately 100 times.  Plaintiff testified that he knew that benefits information has been available on the MyUBOC or UBox intranet sites since 2006. | Exhibit 9 to DSOF, Pl's Depo., pp. 52:4-18 and 54:1-16 |
| 13. On or about August of 1986, Plaintiff contends that he began a romantic relationship with his Union Bank coworker, Linda J. Weeks. | Compl., ¶ 10 |
| 14. Subsequently, in or about 1988, Plaintiff and Ms. Weeks began living together until Ms. Weeks died of metastatic colon cancer on July 14, 2011. | Exhibit 9 to DSOF, Pl's Depo., pp. 58:19-59:7; Compl. ¶ 11 |
| 15. Despite their more than two decades long relationship, Plaintiff and Ms. Weeks never married. | Compl., ¶ 10 |
| 16. Plaintiff testified during his deposition that neither he nor Ms. Weeks registered their purported domestic partnership with any governmental entity or with the Corporate Benefits Department of their common employer, Union Bank. | Exhibit 9 to DSOF, Pl's Depo., p. 117:10-19 |

FISHER & PHILLIPS LLP
201 E. Washington Street, Suite 1450
Phoenix, Arizona 85004-2330
(602) 281-3400

STATEMENT OF UNCONTROVERTED FACTS
AND CONCLUSIONS OF LAW

Case No. 5:12-cv-01754-R-SPx

6

FISHER & PHILLIPS LLP
201 E. Washington Street, Suite 1450
Phoenix, Arizona 85004-2330
(602) 281-3400

| Uncontroverted Facts | Evidence |
|---|---|
| 17. On January 3, 2012, approximately six months after Ms. Weeks passed away, Plaintiff submitted a claim for Pre-Retirement Death Benefits based on his purported status as a Surviving Domestic Partner of Ms. Weeks. | Exhibit A to Complaint |
| 18. By letter dated February 2, 2012, Corporate Benefits informed Plaintiff that his claim was denied because his alleged domestic partnership was not registered "in accordance with either Section 1.17(a) or Section 1.17(b)(6)."  In the same letter, Plaintiff was informed that he could pursue an administrative appeal of the claim denial and that "in order for the Plan to honor [his] claim, [he had to] provide documentation evidencing registration of [his] domestic partnership in accordance with Plan sections 1.17(a) or 1.17(b)(6)." | Exhibit B to Complaint |
| 19. On February 25, 2012, Plaintiff submitted a one-page administrative appeal of his claim denial which provided no evidence or indicia that his alleged domestic partnership was registered in conformity with the Plan's requirements. | Exhibit C to Complaint |

FISHER & PHILLIPS LLP
201 E. Washington Street, Suite 1450
Phoenix, Arizona 85004-2330
(602) 281-3400

| Uncontroverted Facts | Evidence |
|---|---|
| 20.  At a meeting held on March 21, 2012, the Plan Administrator undertook a full review of the Plaintiff's administrative appeal of the denial of his claim for Pre-Retirement Death Benefits for Surviving Domestic Partner.  The Plan Administrator reviewed all information and documents submitted by the Plaintiff as part of his administrative appeal and upheld the denial of his claim. | Exhibit D to Complaint |
| 21.  Because it was uncontroverted that Plaintiff's alleged domestic partnership was never registered with a governmental body or Corporate Benefits, the Plan Administrator concluded that Plaintiff "did not meet the definition of Domestic Partner set forth in Section 1.17(a) or 1.17(b) of the Plan, and on that basis affirmed the denial of [his] claim." | Exhibit D to Complaint |

**ISSUE NO. 2**

**Plaintiff's Second Cause Of Action For Alleged Breach Of Fiduciary Duties In Violation Of ERISA Is Without Merit And Not Actionable.**

| Uncontroverted Facts | Evidence |
|---|---|
| 1.   The facts set forth in paragraphs numbers 16 through 21 above are incorporated herein by reference. | See evidence cited in paragraphs numbers 16 through 21, incorporated herein by reference. |

FISHER & PHILLIPS LLP
201 E. Washington Street, Suite 1450
Phoenix, Arizona 85004-2330
(602) 281-3400

## CONCLUSIONS OF LAW

1.     Summary judgment is appropriate when there is no genuine dispute. FED. R. CIV. P. 56(a). A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

2.     Plaintiff's first cause of action for wrongful denial of ERISA plan benefits is not actionable.

3.     Under Section 1.71(b)(6) of the plan, it is the "Participant" who wishes to provide survivor benefits to his/her domestic partner who must file the "Domestic Partner Registration Form with the Corporate Benefits Department...." The participant in this case is the decedent Linda Weeks and it is undisputed that she did not register any domestic partnership with the Plaintiff. Likewise, it is undisputed that Plaintiff's purported domestic partnership with decedent Linda Weeks was not registered with a governmental body pursuant to Section 1.17(a) of the Plan.

4.     Plaintiff is not entitled to Domestic Partner Survivor Benefits under the Plan because he does not meet the definition of Domestic Partner set forth in the Plan. Granting retirement benefits under these circumstances in contravention of the express terms of the Plan is prohibited and would violate ERISA. *See e.g.*, *Rovira v. AT&T*, 817 F. Supp. 1062, 1070 (S.D.N.Y. 1993) (court held that a surviving lesbian life partner of a deceased plan participant and her children from a prior marriage did not even have a "colorable" claim because they did not meet the criteria for beneficiary status under the terms of the pension plan); *Robinson v. New Orleans Employers ILA AFL-CIO Pension Welfare Vacation & Holiday Funds,* 269 Fed. Appx. 516, 518-19 (5th Cir. 2008) (court upheld summary judgment in favor of the retirement plan because the plaintiff did not meet the plan's eligibility criteria for surviving spouse benefits).

5.    Plaintiff's second cause of action for breach of fiduciary duty is also not actionable because there is no breach of fiduciary duty under ERISA where a plan administrator acts within its discretionary authority and properly denies a claim for benefits. *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609 (6th Cir. 1998) (holding that because the plan administrator's "denial of benefits was correct ... [plaintiff] cannot recover compensatory damages for an alleged breach of fiduciary duty")

6.    Accordingly, Defendants are entitled to summary judgment because the Plan Administrator properly denied the Plaintiff's claim for benefits and did not act in an arbitrary or capricious manner.

IT IS SO ORDERED.

Dated: April 7, 2014

_____
Honorable Manuel L. Real
United States District Judge

FISHER & PHILLIPS LLP
201 E. Washington Street, Suite 1450
Phoenix, Arizona 85004-2330
(602) 281-3400

**PROOF OF SERVICE**

I, the undersigned, am employed in the County of Maricopa, State of Arizona.  I am over the age of 18 and not a party to the within action; am employed with the Law Offices of FISHER & PHILLIPS LLP and my business address is 201 E. Washington Street, Suite 1450, Phoenix, Arizona 85004-2330.

On **April 1, 2014**, I served the foregoing document entitled **STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW** on all the appearing and/or interested parties in this action by the method indicated below:

Kenneth J. Bailey
315 N. Imperial Avenue
Ontario, CA 91764
Pro Se Plaintiff

☒   **BY CM/ECF ELECTRONIC DELIVERY:** In accordance with the registered case participants and in accordance with the procedures set forth at the United States District Court, Central District of California, Website www.ecf.cacd.uscourts.gov.

☒   By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Phoenix, Arizona addressed as set forth above.  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after the date of deposit for mailing this declaration.

☐   By placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth above.

☐   **BY HAND DELIVERY:** To be delivered by messenger such envelope(s) by hand to the office of the address(es) set forth above.  Such messenger is over the age of eighteen years and not a party to the within action and employed with Nationwide Legal, whose business address is: 800 N. 1st Avenue, Phoenix, AZ 85003 and/or 3631 Tenth Street, Suite 210, Riverside, CA 92501.

☒   I declare under penalty of perjury that the foregoing is true and correct under the laws of the United States of America, and that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on **April 1, 2014** at Phoenix, Arizona.

  /s/ Eileen Kane
29556.1

FISHER & PHILLIPS LLP
201 E. Washington Street, Suite 1450
Phoenix, Arizona 85004-2330
(602) 281-3400